UNITED STATES of America,
Plaintiff/Appellee,

v.

Ahamed SALAMA, Defendant/Appellant.

Crim. A. No. 94–20035–01.

United States District Court,
D. Kansas.

June 30, 1995.

Marcia J. Nelson, Office of JAGC, Barney R. Mundorf, U.S.A. Combined Arms Command, Fort Leavenworth, KS, for the U.S.

Robert A. DeCoursey, Kansas City, KS, for defendant.

*MEMORANDUM AND ORDER*

VRATIL, District Judge.

On April 13, 1994, U.S. Magistrate John C. Tillotson convicted Ahamed Salama of driving under the influence of alcohol in violation

of K.S.A. § 8–1567. Defendant appeals that conviction under Rule 58(g) of the Federal Rule of Criminal Procedure, alleging ineffective assistance of counsel in violation of the Sixth Amendment to the United States Constitution. Specifically, Salama alleges that defense counsel failed to introduce exculpatory medical evidence which might have otherwise explained defendant's apparent intoxication. Defendant's medical records, which allegedly proved that Salama had received treatment for "dry-eye" syndrome and a sore back, presumably explained defendant's blood-shot eyes and his lack of balance and agility during sobriety tests.

A claim of ineffective assistance of counsel presents a mixed question of fact and law which must be reviewed *de novo*. *Brecheen v. Reynolds*, 41 F.3d 1343, 1365–66 (10th Cir.1994). To succeed on such a claim, Salama must fulfill a two-part test. Appellant must first prove that counsel's performance was deficient; he must then prove that were not for counsel's deficiency, the outcome of the trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). In evaluating counsel's performance, the Court determines whether the assistance was reasonable, considering all circumstances. *Id.* at 688, 104 S.Ct. at 2064–65.

Salama provides no evidence that counsel's performance constitutes ineffective assistance under *Strickland.* The mere fact that counsel did not proffer the medical records does not mean that he acted unreasonably. The Court's scrutiny of his actions must be highly deferential. *Id.* at 689, 104 S.Ct. at 2065. In this case, counsel brought the subject evidence before the Court through defendant's own testimony. The Court therefore received the substance of such evidence, and counsel's presentation of the evidence was not inherently unreasonable. Counsel's strategy in this regard does not constitute ineffective assistance under Sixth Amendment standards. An error by counsel, even if professionally unreasonable, does not warrant setting aside a judgment of a criminal proceeding if the error had no effect on the judgment. *Id.* at 691, 104 S.Ct. at 2066 (quoting *United States v. Morrison*,

449 U.S. 361, 364–365, 101 S.Ct. 665, 667–68, 66 L.Ed.2d 564 (1981)).

To succeed on a Sixth Amendment claim of ineffective assistance, Salama must also show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694, 104 S.Ct. at 2068. Lack of prejudice, standing alone, is an additional, equally sufficient reason to affirm defendant's conviction.

After reviewing the totality of the evidence, the Court entertains no belief that ineffective assistance of counsel played any role in defendant's conviction. The evidence of defendant's guilt was overwhelming, and it is well summarized in the *Brief of Appellee* (Doc. # 11) filed January 4, 1995. Confidence in the outcome of defendant's trial has not been undermined by the alleged deficiencies of defendant's trial counsel. Defendant's conviction is therefore affirmed.

**IT IS THEREFORE ORDERED** that defendant's conviction be and hereby is affirmed.